# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**BRIAN COREY CAMPBELL,**

    Petitioner,

v.                                               Case No. 3:17cv662-LC/CAS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about August 28, 2017, Petitioner Brian Corey Campbell, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, ECF No. 3, Petitioner filed an amended § 2241 petition on September 21, 2017, ECF No. 5. On December 5, 2017, Respondent filed an answer, with exhibits. ECF No. 9. Petitioner has filed a "Motion in Opposition to the Warden's Response," which this Court considers as a reply. ECF No. 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Brian Corey Campbell, an inmate at the Federal Correctional Institution (FCI) in Marianna, Florida, filed this § 2241 petition challenging the computation of his federal sentence and requesting prior jail credit. On January 12, 2015, Florida Sheriff's Deputies in Walton County arrested Campbell for distribution of controlled substances. ECF No. 9-1 at 1-5 (Ex. 1, Decl. of J.R. Johnson). On January 15, 2015, the U.S. District Court for the Northern District of Florida issued a warrant for Campbell for violating supervised release in case number 3:07cr115-RV. *Id.* at 7-9.

According to documents provided by Respondent, on June 4, 2015, the state court, Florida's First Judicial Circuit, sentenced Campbell to two years in prison for possession with intent to sell, manufacture, or deliver a schedule II controlled substance and possession of cocaine within 1000 feet of a place of worship or business. *Id.* at 2-3; *see id.* at 14-18. The state court ordered Campbell to serve his sentence concurrently and conterminously with any federal sentence. *Id.* at 2-3.

On September 21, 2016, Florida state authorities released Campbell

to the U.S. Marshals Service based on the January 15, 2015, warrant. *Id.* at 3; *see id.* at 20, 22-24. On November 1, 2016, the federal court, the Northern District of Florida, sentenced Campbell to 37 months in prison for the violation of his supervised release. *Id.* at 3, 26-31. The federal court judgment did not reference the state sentence. *Id.*

On the day of his federal sentencing, the Federal Bureau of Prisons (BOP) prepared a sentence computation. *Id.* at 3, 33-34. The BOP allowed prior custody credit from the day after Campbell was released from Florida state custody, September 22, 2016, until the day before the federal sentence started, October 31, 2016. *Id.* Campbell's expected release date is May 29, 2019. *Id.*; *see* www.bop.gov.inmateloc.

Campbell contacted the BOP and requested a nunc pro tunc designation of his state and federal prison sentences. ECF No. 9-1 at 4. The BOP denied his request and explained that "[o]ne requirement in determining eligibility for a nunc pro tunc designation pursuant to Barden [v. Keohane, 921 F.2d 476 (3d Cir. 1990)], is that the state sentence be imposed after the federal sentence" but, in Campbell's case, "the state sentence was imposed before [his] federal sentence was imposed." ECF

No. 9-1 at 59.

As indicated above, Campbell filed this § 2241 petition on or about August 28, 2017. ECF No. 1. He filed an amended § 2241 petition after direction from this Court. ECF No. 5. In his amended petition, he requests "prior jail credit pursuant to [n]unc pro tunc, [W]illis doctrine[,] Kayfez, and due to the sentence running coterminous." *Id.* at 3. He indicates he presented his request to the BOP. *Id.*

Respondent filed an answer, with attachments. ECF No. 9. Respondent asserts the BOP considered Campbell's nunc pro tunc designation request and properly denied it because the state sentence was imposed before the federal sentence. *Id.* at 3-4. Respondent further asserts Campbell is not entitled to Willis or Kayfez credits and is not entitled to have his sentences run "coterminous." *Id.* at 4-6. Respondent argues this Court should dismiss or deny Campbell's petition as his sentence was properly calculated. *Id.* at 6-7.

Campbell has filed a "Motion in Opposition to the Warden's Response to 28 U.S.C. 2241," ECF No. 11, considered by this Court as a reply to Respondent's answer. Campbell cites United States v. Langham, 670 F.

App'x 991 (10th Cir. 2016), and argues this Court should order the BOP to apply a nunc pro tunc designation because he had a "federal hold . . . lodged against him before being sentence[d] in the State of Florida." ECF No. 11 at 2.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.  *See id.* at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Campbell's § 2241 petition challenges the execution of his sentence, specifically the BOP's calculation of his sentence and denial of his request for nunc pro tunc retroactive designation. After a federal court imposes a sentence, the U.S. Attorney General, acting through the BOP, administers the federal defendant's sentence and initially has the exclusive authority to determine when the federal sentence commences and compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(a)-(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). A federal sentence begins on the date the defendant is received in custody at the official detention facility designated by the BOP. 18 U.S.C. § 3585(a). Although the BOP must consider a prisoner's request for concurrent service of sentences, the BOP is not obligated to grant such a request as it falls within the BOP's discretion. *See, e.g.,* Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); *see also, e.g.,* Pritchett v. United States, No. 3:10cv422-RV/CJK,

2012 WL 2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.  See Rodriguez, 60 F.3d at 747.  "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" Id. (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).  If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"  Id. (quoting Chevron, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion."  Pritchett, 2012 WL 2568094 at *3 (citing Fagans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F.3d 83 (1st Cir. 2009); McCarthy, 146 F.3d at 123).  As explained by the court in Pritchett:

> To guide the exercise of its discretion, the BOP promulgated Program Statement 5160.05 in January of 2003.

The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal Sentence." PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

*Id.*

Petitioner Campbell is not entitled to relief in this case. The federal statute governing the calculation of a term of imprisonment provides:

**Credit for Prior Custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1) as a result of the offense for which the sentence was imposed; or

Case No. 3:17cv662-LC/CAS

>    (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id.* § 3585(b) (emphasis added).

Respondent attaches the Declaration of J.R. Johnson, Correctional Programs Specialist, Federal BOP, dated December 4, 2017. ECF No. 9-1. Johnson explains that he audited the sentence computation for Petitioner Campbell and the audit revealed that "[t]he computation has been completed in accordance with federal statute and BOP policy." *Id.* at 1. Johnson explains the sentence computation:

> 1.   On January 12, 2015, Petitioner was arrested by Walton County, Florida, Sherriff's Deputies for Distribution of Controlled Substances. Attachment #1, Page #2, Par #6, #7, and #8. Attachment #2. On January 15, 2015, the U.S. District Court issued a Warrant for Violation of Supervised Release in case number 3:07CR115-RV Attachment #1, page #3.
>
> 2.   On June 4, 2015, Petitioner was sentenced in the Florida First Judicial Circuit Court in Walton County, Florida, to 2 years imprisonment for Possession with Intent to Sell/Manufacture/ Deliver a Schedule II controlled Substance and Possession of Cocaine within 1000 feet of a Place of Worship or Business. Attachment #3. This sentence was ordered to be served both concurrent and coterminous with any federal sentence. Petitioner received credit for 144 days toward this 2 year

> sentence. Attachment #4.
>
> 3. On September 21, 2016, Petitioner was released from Florida state authorities to the U.S. Marshals Service based on the federal warrant for Violation of Supervised Release. Attachment #5, Attachment #6, Page #3 ("COURT CASE STATUS: ARREST START DATE: 09-21-2016").
>
> 4. On November 1, 2016, Petitioner was sentenced in the U.S. District Court for the Northern District of Florida to 37 months imprisonment for Violation of Supervised Release in case number 3:07CR115-RV. The judgment in a criminal case was silent regarding its relationship to the Florida state sentence. Attachment #7.
>
> 5. A sentence computation was completed commencing the 37 month federal sentence on the date it was imposed, November 1, 2016. Petitioner received prior custody credit from the day after he was released from the Florida state sentence to exclusive federal custody, September 22, 2016, until the day before the federal sentence commenced, October 31, 2016. Petitioner's projected satisfaction date is May 29, 2019. Attachment #8, page #2.

*Id.* at 1-2. Johnson explained that Petitioner Campbell had pursued an administrative remedy and the sentence computation was upheld at all levels. *Id.* at 2. Johnson explained Campbell's habeas request for "a nunc pro tunc (concurrent) designation of his state and federal terms as well as additional prior custody credit under case law, U.S. v. Willis." *Id.* Johnson then explains why such request was denied by the BOP:

8. In response to these allegations, the Bureau denies Petitioner[']s request that he receive a concurrent designation of his state and federal terms as well as additional prior custody credit in accordance with case law, Willis v. U.S., 438 F.2d 923 (5th Cir. 1971).

9. Because the initial Florida sentence imposed on June 4, 2015, was completed before the federal sentence for Violation of Supervised Release could be imposed, it is not possible for the two sentences to be served concurrently.

10. In order for the two sentences to be "coterminous," the federal sentence [would] have to commence on the same date as the Florida state term. P.S. 5880.28, Sentence Computation Manual/New Law/CCCA, page 1-13, states that, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." Attachment #9, page 3.

11. Title 18 U.S.C. § 3584, states that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Attachment #10. The judgment in the federal case number 3:07CR115-RV was silent regarding its relationship to the Florida state sentence. The state court may not determine when a federal sentence will commence.

12. Title 18, USC §3585(b) precludes application of prior custody credit for all of the time Petitioner is requesting, as this time as applied to his Florida state sentence. Attachment #9, page 4.

13. Petitioner does not qualify for prior custody credit under "*Willis.*" In a "*Willis*" situation, when state and federal sentences are concurrent, and the state raw full term date is absorbed by the federal full term date, resulting in no benefit for credits applied to the state sentence, prior custody credit is then given for all qualified state presentence time from the date of the federal offense until the day before the first sentence begins

    to run, federal or non-federal.  Attachment #11.  Petitioner's state and federal terms are not being served concurrently.  This is also a requirement for additional prior custody credit pursuant to case law, *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).

    14.   In addition, USSG § 7B1.3(f) requires that any term of imprisonment imposes upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.  Attachment #12.

    15.   Petitioner contacted the Bureau of Prisons requesting a nunc pro tunc (concurrent) designation of his state and federal terms.  The Bureau responded with a letter denying his request because the sentencing court was aware of the state term at the time of sentencing.  Attachment #13.

*Id.* at 2-3.

    The federal court sentenced Campbell on November 1, 2016, and he began serving his federal sentence on that day.  *See* 18 U.S.C. § 3585(a); <u>Coloma v. Holder</u>, 445 F.3d 1282, 1284 (11th Cir. 2006) ("[A] federal sentence cannot commence prior to the date it is pronounced."); ECF No. 9-1 at 26-31 (Judgment in a Criminal Case).  At this point, he had already served his state sentence and, as Johnson's declaration indicates, the federal sentence is silent regarding the state sentence.  *See* ECF No. 9-1 at 26-31.  In such a circumstance, the federal sentence is consecutive.  *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at

Case No. 3:17cv662-LC/CAS

different times run consecutively unless the court orders that the terms are to run concurrently.").

Petitioner Campbell argues he should receive credit on his federal sentence for time he spent in state pre-trial detention because the federal government had a "hold" or "detainer" in place. Campbell is not entitled to credit on his federal sentence for this time, however. He already received credit for this time toward his state sentence. *See* ECF No. 9-1 at 2-3. Section 3585(b) of Title 18 provide, quoted above, specifically provides that "[a] defendant shall not be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has been credited against another sentence." *See, e.g.*, Scruggs v. Adkinson, 423 F. App'x 858, 861 (11th Cir. 2011) ("The time Scruggs served during his state court pre-trial detention was credited towards his state sentence, and therefore cannot also be credited towards his federal sentence.").

The cases Campbell cites are distinguishable as his sentences are not running concurrently. *Cf.* Willis, 438 F.2d at 924; Kayfez, 993 F.2d at 1289-90. Further, the Willis case, decided in 1971, predates 18 U.S.C. § 3585, the statute that controls the calculation of federal sentences. *See, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015);

Davis v. Blackmon, No. 5:17cv63-MCR/CJK, 2017 WL 4128400 at *2 (N.D. Fla. Aug. 11, 2017) (Report and Recommendation to deny § 2241 petition). As indicated above, § 3585 plainly precludes the credit sought by Campbell.   Moreover, even assuming the Willis exception survives, Campbell does not qualify for the credit he seeks because, as explained earlier, his sentences are not concurrent.   *See, e.g.*, Davis, 2017 WL 4128400 at *3.

The Langham case cited by Campbell in his reply is also distinguishable.   In that case, the petitioner was first sentenced in two state court cases but he was transferred to federal custody to serve his federal sentence before he finished his second state sentence.   United States v. Langham, 670 F. App'x 991 (10th Cir. 2016).   In contrast to the situation with Campbell, the state denied Langham's request to run his state sentence concurrently with his federal sentence, although the federal sentencing court had recommended, nunc pro tunc, that the federal sentence run concurrently with the state sentence.   *Id.* at 991-92.   *Cf.* Setser v. United States, 132 S. Ct. 1463, 1471 (2012) ("If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the Bureau of Prisons – that decides whether he will receive

credit for the time served in state custody.").

Petitioner Campbell has not shown the BOP abused its discretion in ruling on his request for sentence credit or considering nunc pro tunc designation.   This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 5) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2018.

>   **S/ Charles A. Stampelos**
>   **CHARLES A. STAMPELOS**
>   **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**